UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIM THOMAS,
    Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC, and
SYNCHRONY BANK,
    Defendants.
_____

## COMPLAINT AND JURY DEMAND

NOW COMES the Plaintiff, KIM THOMAS, by and through counsel, and for her Complaint pleads as follows:

### JURISDICTION

1. This is an action brought by a consumer for violations of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

2. Jurisdiction of this court arises under 15 U.S.C. § 1681p.

### VENUE

3. The transactions and occurrences which gave rise to this action occurred in Detroit, Michigan.

4. Venue is proper in the Eastern District of Michigan.

### PARTIES

5. Plaintiff is a natural person residing in Detroit, Michigan.

6. The Defendants to this lawsuit are:

    a. Equifax Information Services, LLC ("Equifax") is a foreign limited liability company that conducts business in the State of Michigan; and

    b. Synchrony Bank ("Synchrony") is a national bank that conducts business in the State of Michigan.

## GENERAL ALLEGATIONS

7. Synchrony's tradelines ("Errant Tradelines") are inaccurately reporting scheduled monthly payment amounts of $174.00 and $30.00, respectively, in Plaintiff's Equifax credit file.

8. The accounts reflected by the Errant Tradelines were closed by Synchrony. Plaintiff no longer has an obligation to make scheduled monthly payments to Synchrony.

9. The Errant Tradelines should be reported with a scheduled monthly payment amount of $0.00. The current reporting is false and misleading.

10. In addition, per the credit reporting industry standards and the Credit Reporting Resource Guide, which is the credit reporting manual created by the Consumer Data Industry Association, furnishers are required to report a scheduled monthly payment amount of $0.00 for a closed account.

11. On or about August 1, 2023, Plaintiff obtained her Equifax credit disclosure and noticed the Errant Tradelines reporting with erroneous scheduled monthly payment amounts.

12. On or about August 7, 2023, Plaintiff submitted a letter to Equifax disputing the Errant Tradeline.

13. In her dispute letter, Plaintiff explained that the Synchrony accounts were closed and that Plaintiff owes no scheduled monthly payment obligation to Synchrony. Plaintiff asked Equifax to remove the erroneous scheduled monthly payment amounts and replace them with $0.00.

14. Equifax received Plaintiff's dispute letter.

15. Equifax forwarded Plaintiff's dispute to Synchrony.

16. Synchrony received Plaintiff's dispute from Equifax.

17. On or about October 13, 2023, Plaintiff received her Equifax credit disclosure, which showed that Equifax and Synchrony failed or refused to report the Errant Tradelines with scheduled monthly payment amounts of $0.00.

18. The Errant Tradelines are false and misleading to any user of Plaintiff's credit report who would consider extending credit to Plaintiff. The Errant Tradelines create a false impression to potential credit grantors that Plaintiff continues to have scheduled monthly payment obligation for debts when there are no such monthly obligations.

19. As a direct and proximate cause of Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff has experienced undue anxiety, stress, frustration and other forms of emotional distress due to Defendants' failures to correct the errors in her credit file and her inability to improve her financial situation by obtaining new or more favorable credit terms as a result of Defendants' violations of the FCRA. Plaintiff has also suffered physical harms, including loss of sleep and stress headaches as a result of Defendants' failure to correct the Errant Tradeline.

### COUNT I - NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY SYNCHRONY BANK

20. Plaintiff realleges the above Paragraphs One through Nineteen as if recited verbatim.

21. After being informed by Equifax of Plaintiff's dispute of the inaccurate scheduled monthly payment amounts, Synchrony negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 U.S.C. § 1681s-2(b).

22. Synchrony negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 U.S.C. § 1681s-2(b) and failed to direct the Equifax to remove the inaccurate scheduled monthly payment amounts.

23. The Errant Tradelines are inaccurate and create a misleading impression in Plaintiff's consumer credit file with Equifax, to which Synchrony is reporting such tradelines.

24. As a direct and proximate cause of Synchrony's negligent failure to perform its duties under the FCRA, Plaintiff has suffered stress, anxiety, frustration and other forms of emotional distress. Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

25. Synchrony is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

26. Plaintiff has a private right of action to assert claims against Synchrony arising under 15 U.S.C. § 1681s-2(b).

WHEREFORE, PLAINTIFF PRAYS that this Honorable Court grants her a judgment against Synchrony for damages, costs, interest, and attorneys' fees.

### COUNT II - WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY SYNCHRONY BANK

27. Plaintiff re-alleges the above Paragraphs One through Nineteen by reference as if recited verbatim.

28. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, Synchrony willfully failed to conduct a proper

reinvestigation of Plaintiff's dispute and willfully failed to direct Equifax to remove the erroneous scheduled monthly payment amounts.

29. Synchrony willfully failed to review all relevant information available to it and provided by Equifax as required by 15 U.S.C. § 1681s-2(b).

30. As a direct and proximate cause of Synchrony's willful failure to perform its duties under the FCRA, Plaintiff has suffered stress, anxiety, frustration and other forms of emotional distress. Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

31. Synchrony is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs she may recover therefore pursuant to 15 USC 1681n.

WHEREFORE, PLAINTIFF PRAYS that this Honorable Court grants her a judgment against Synchrony for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

### COUNT III - NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

32. Plaintiff re-alleges the above Paragraphs One through Nineteen by reference as if recited verbatim.

33. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

34. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

35. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

36. After receiving Plaintiff's dispute of the Errant Tradelines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

37. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered stress, anxiety, frustration and other forms of emotional distress. Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

38. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

WHEREFORE, PLAINTIFF PRAYS that this Honorable Court grant her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT IV - WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

39. Plaintiff realleges the above Paragraphs One through Nineteen as if recited verbatim.

40. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

41. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

42. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

43. After receiving Plaintiff's dispute of the Errant Tradelines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

44. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered stress, anxiety, frustration and other forms of emotional distress.  Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

8

45. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n.

WHEREFORE, PLAINTIFF PRAYS that this Honorable Court grant her a judgment against Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Respectfully submitted,

Dated: November 7, 2023

/s/ Carl Schwartz
CARL SCHWARTZ
CREDIT REPAIR LAWYERS OF AMERICA
Attorney for Plaintiff
39111 Six Mile Road, Suite 142
Livonia, MI 48152
(248) 353-2882
Fax (248) 353-4840
Email – carl@crlam.com